RECEIVED

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

SEP 19 2014

AT 8:30

WILLIAM T. WALSH, CLERK

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| In re Application of Kate O'Keeffe to Issue Subpoena | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Kirk A.. Thorell, PricewaterhouseCoopers LLP, 400 Campus Dr., Florham Park, NJ 07932

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A annexed hereto

| Place: Davis Wright Tremaine LLP, 1633 Broadway, 27th Floor, New York, New York 10019 | Date and Time:<br>10/28/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:    Videotape and stenograph

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule B annexed hereto

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

               *CLERK OF COURT*

                           OR

               *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Kate O'Keeffe
_____ , who issues or requests this subpoena, are:
Robert D. Balin, Davis Wright Tremaine LLP, 1633 Broadway, 27th Floor, New York, New York 10019

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

  ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

                 on *(date)* _____ ; or

  ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

             _____
                 *Server's signature*

             _____
                 *Printed name and title*

             _____
                 *Server's address*

Additional information regarding attempted service, etc.:

## SCHEDULE A

## DEFINITIONS

1.      "Adelson" shall mean the individual Sheldon G. Adelson.

2.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      The phrase "foul or otherwise offensive language" shall mean: foul, obscene, profane, scurrilous, abusive, blasphemous, coarse, rude, lewd, or bad language.

5.      The use of the singular form of any word includes the plural and vice versa.

## MATTERS FOR EXAMINATION

1.      Any instances in which Adelson used foul or otherwise offensive language.

2.      Adelson's demeanor.

3

## SCHEDULE B

## DEFINITIONS

1.      "Adelson" shall mean the individual Sheldon G. Adelson.

2.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      The phrase "foul or otherwise offensive language" shall mean:  foul, obscene, profane, scurrilous, abusive, blasphemous, coarse, offensive, rude, lewd, or bad language.

6.      The use of the singular form of any word includes the plural and vice versa.


## INSTRUCTIONS

1.      Each request for documents is to be fully and separately answered.

2.      These requests cover all documents in your possession, custody, or control, regardless of where such documents are located.

3.      Each requested document is to be produced (along with all drafts thereof) in its entirety, without abbreviation or redaction.  In the event that a copy of a requested document is not identical to any other copy thereof, because of any alterations, marginal notes, comments, or

4

material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

4.      Any legitimate concerns regarding production of confidential or privileged information may be addressed through appropriate redaction of such material other than evidence related to Adelson's use of foul or otherwise offensive language.  With respect to any document responsive to any request that is withheld from production or redacted based upon a claim of privilege, please provide a privilege log with the information required pursuant to Rule 45(d)(2) of the Federal Rules of Civil Procedure.  Identify and produce each segregable portion of any document withheld in part based upon a claim of privilege as to which the basis for withholding other portions of the document does not apply.

5.      All requested documents arc to be produced as they are kept in the usual course of business so that the files in which they were located, their relative order in such files, and how such files were maintained can be ascertained.

6.      If any document responsive to any of these requests has been destroyed, discarded or lost, please separately identify each such document by stating the following information with respect thereto: (a) the title and a description of the subject matter of the document; (b) the date or approximate date of the preparation and/or transmission of the document; (c) the number of pages, attachments or appendices of the document; (d) the identity of the person who destroyed, discarded or lost the document; (e) the date or approximate date the document was destroyed, discarded or lost; (f) a description of the circumstances under which the document was destroyed, discarded or lost; (g) the identity, if known, of each person who originated, circulated, published or received the document; and (h) the identity of the person having custody of the document immediately prior to its destruction, discarding or loss.

5

7.      Unless otherwise indicated, no request shall be construed to limit the scope of any other request.

8.      All electronically stored information should be produced as Bates-stamped TIFF images with accompanying document-level extracted text for ESI or OCR for scanned hard copy, and a loadfile listing selected metadata to be decided upon by the parties by mutual agreement. Please produce all Excel files in native format.

9.      For the response to Request 1 below, utilize the search terms in Attachment A.

## DOCUMENTS REQUESTED

1.      All documents, including email or electronic communications, referencing, describing, or reflecting Adelson's use of foul or otherwise offensive language, including, but not limited to, documents containing one or more of the search terms set forth in Attachment A hereto.

## ATTACHMENT A – Search Terms

"ass," "bastard," "bitch," "chink," "cock," "coon," "cunt," "crap,"
"dago," "damn," "dick," "douche," "dyke," "fag,"   "flamer,"
"fuck," "Goddamn," "gook," "goy," "guido," "hebe, "hell,"
"homo," "jackass," "jap," "Jesus Christ," "kike," "mick," "nigger,"
"pecker," "piss," "pollack," "prick," "pussy," "putz," "queer,"
"schmuck," "schvartze," "screw," "shiksa," "shit," "shyster,"
"skank," "slut," "spic," "suck," "tit," "towel head," "twat,"
"wetback," "whore," "wog," or "wop";

any derivative or compound words containing any of the aforementioned words, and any bowdlerized form thereof.

7

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).