UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE THE APPLICATION OF KATE
O'KEEFFE  FOR ASSISTANCE
BEFORE A FOREIGN TRIBUNAL

Civ. No. 14-5835 (WJM)

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on an appeal from Magistrate Judge Mark Falk's February 10, 2015 decision denying Sheldon Adelson's motion to quash Kate O'Keeffe's application for a subpoena under 28 U.S.C. § 1782(a).  For the reasons set forth below, the appeal is **DENIED** the Judge Falk's decision is **AFFIRMED**.

I.  BACKGROUND

Appellee Kate O'Keeffe is a Hong Kong-based reporter for Dow Jones & Company, Inc.  She writes for the *Wall Street Journal* and its Asian and European publications.  O'Keeffe is a defendant in a libel action in Hong Kong brought by Appellant Sheldon G. Adelson ("the Hong Kong lawsuit").  The Hong Kong lawsuit arises from an article written by O'Keeffe and published in the December 7, 2012 edition of the *Wall Street Journal*.  Appellee's Br. 4, ECF No. 35.  In the article, O'Keeffe referred to Adelson as "foul-mouthed." *Id.* at 5.

On September 19, 2014, O'Keeffe filed an ex parte application to serve a subpoena seeking a deposition and documents from Kirk A. Thorell under 28 U.S.C. § 1782(a).  Thorell is a partner with PricewaterhouseCoopers ("PwC"), which formerly provided auditing services for Adelson's Las Vegas Sands Corporation ("LVSC").  PwC resigned, allegedly because of "Adelson's 'challenging demeanor and demands on the auditors.'" *Id.* at 6.  O'Keeffe sought the subpoena for use in her defense in the Hong Kong lawsuit, arguing that Thorell may have information or documents supporting the notion that Adelson is foul-mouthed.  Magistrate Judge Mark Falk granted the application but provided Thorell and Adelson with the opportunity to file motions to quash.  Order dated September 30, 2014, ECF No. 6.  Adelson moved to quash the subpoena on November 11, 2014.  *Id.*  Thorell did not file a motion to quash.

1

On February 10, 2015, Magistrate Judge Falk issued an opinion and order regarding Adelson's motion to quash. Judge Falk's opinion centered on the discretionary factors discussed in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004). Judge Falk found that the *Intel* factors weighed in favor of granting the Section 1782 request and denied Adelson's motion. Adelson now brings the instant appeal.

## II. STANDARD OF REVIEW

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

When an appellant "seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion' standard, must be applied." *Koninklijke Philips Electronics N.V. v. Hunt Control Sys., Inc.*, No. 11-3684, 2014 WL 5798109, at *2 (D.N.J. 2014) (quoting *Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2012 WL 821494, at *4 (D.N.J. 2012)). Under this standard, the Magistrate's discovery decision is entitled to great deference and is reversed only upon an abuse of discretion. *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. 2010) (citing *Kresefky v. Panasonic Commc'n and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)).

## III. DISCUSSION

The Court will affirm Judge Falk's decision. Section 1782 provides that "[t]he district court of the district in which a person resides or is found *may* order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a)

(emphasis added). Thus, even where the statutory requirements are met, the district court is not required to grant a Section 1782 discovery application. Rather, it is in the court's discretion to either approve or deny the application. *Intel*, 542 U.S. at 264.

In *Intel*, the United States Supreme Court identified four factors for courts to consider in exercising their discretion: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and, therefore, accessible in lieu of a Section 1782 application; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign government or court or agency to American federal judicial assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States, and; (4) whether the request is unduly intrusive or burdensome. *Id.* at 264-65. The first *Intel* factor is not in dispute in this case.

The Court finds that Judge Falk properly considered the disputed *Intel* factors and that his decision denying the motion to quash was not an abuse of discretion. As to the second *Intel* factor, the moving party must present authoritative proof that the foreign court would reject the evidence obtained with the aid of Section 1782. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Examples of authoritative proof include "a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures." *Id.*

Here, the record contains no authoritative proof that the Hong Kong court would be unreceptive to the District of New Jersey's assistance. Rather, the record merely contains two differing interpretations of Hong Kong law from the parties' respective experts. As Judge Falk correctly noted, district courts are discouraged from engaging in the interpretation of foreign law when conducting a Section 1782 analysis. *See In re Application of Imanagement Servs. Ltd.*, No. 05-2311, 2006 WL 547949, at *2 (D.N.J. Mar. 3, 2006) ("The [Supreme] Court [in Intel] warned against interpreting § 1782 so as to require the United States courts to analyze foreign legal rules and systems . . . ."); *Euromepa*, 51 F.3d at 1099 ("[I]t is unwise . . . for district judges to try to glean the accepted practices and attitudes of other nation from are likely to be conflicting . . . and biased interpretations of foreign law."). Further, the Hague Evidence Convention is in effect between the United States and Hong Kong, which indicates that Hong Kong's courts are receptive to American judicial assistance. *See In re Application of Imanagement Servs. Ltd.*, 2006 WL 547949, at *4; *In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004).

Moving to the third *Intel* factor, the record lacks any indication that O'Keeffe is attempting to evade restrictions on discovery in Hong Kong. Adelson argues that Judge Falk should have inferred circumvention based on O'Keeffe's decision to pursue discovery through Section 1782 rather than letters rogatory. However, courts have repeatedly found that Section 1782 applicants are not required to apply for letters rogatory through the forum nation before making a Section 1782 application. *See, e.g.*, *In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998) (citing *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). Adelson's argument that Judge Falk was required to at least consider O'Keeffe's decision not to seek a letter rogatory in Hong Kong is likewise unavailing. Though a court *may* consider such evidence in making its discretionary finding, there is no requirement that a court *must* do so. *See In re Application of Caratube Int'l Oil Co.*, 730 F. Supp. 2d 101, 107 (D.D.C. 2010) (quoting *In re Application of Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008) ("[T]he district court may, in its discretion, properly consider a party's failure first to attempt discovery measures in the foreign jurisdiction.").

Finally, as to the fourth *Intel* factor, nothing in the record indicates that O'Keeffe's request was either unduly burdensome or unduly intrusive. As an initial matter, courts have repeatedly held that movants do not have standing to challenge discovery as unduly burdensome where the burden falls on a third party. *See, e.g.*, *PKFinans Int'l Corp. v. IBJ Schroder Leading Corp.*, No. 93-5375, 1996 WL 525862, at *4 (S.D.N.Y. 2003) ("IBJ does not have standing to contest the subpoena on the grounds that it . . . imposes an undue burden since it is not IBJ's employees that would be burdened by the production but the [third party's] employees."). Here, any burden imposed by O'Keeffe's requested subpoena falls squarely on Thorell and/or PwC.

Additionally, Adelson's confidentiality concerns do not render the Section 1782 request unduly intrusive. *See In re Ex Parte Apple Inc.*, No. 12-80013, 2012 WL 1570043, at *3 (N.D. Cal. 2012) (finding that confidentiality concerns do not pertain to the intrusiveness of the requested subpoena where no legal privilege is invoked). Courts have repeatedly found that there is no accountant-client privilege under federal law. *See, e.g.*, *Couch v. United States*, 409 U.S. 322, 335 (1973). And as Judge Falk correctly noted, any concerns about the potential disclosure of confidential information can be alleviated through protective orders. Thus, Judge Falk did not abuse his discretion in denying Adelson's motion to quash the Section 1782 subpoena.

## IV. CONCLUSION

For the above reasons, the appeal is **DENIED** and Judge Falk's decision is **AFFIRMED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 26, 2015**